IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CR-169-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ORIS EUGENE FORD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on April 27, 2020, for administrative telephonic conference on trial scheduling.

At teleconference, the court discussed with the parties an appropriate date for trial, consistent with the requirements of the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1). The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

At conference, the court inquired how much time defense counsel and counsel for the government reasonably required to effectively prepare for trial, considering the due diligence of the parties and any complexities in the case. Both parties acknowledged that the threat posed

by the communicable disease known as COVID-19 adds an additional, complicating factor in trial preparation. Defendant's counsel represented that the earliest practical time to set trial of the instant matter would be after June, 2020, also given another trial defendant's counsel is preparing for in June, and need to review financial records further in this case, in preparation for trial. Defendant's counsel also noted defendant is not in custody, and he continues to waive speedy trial issues, with no objection to a trial taking place in November, 2020. Counsel for the government represented that it anticipates pursuing stipulations to shorten estimated trial length, and the government, too, has no objection to trial in November, 2020.

This case is unique in that defendant twice previously entered into a plea agreement, but after arraignment was scheduled, he asserted a not guilty plea, on September 17, 2019, and April 20, 2020, respectively. Should defendant a third time seek to enter into a plea, the matter immediately shall come before the undersigned for hearing, the court announced at conference yesterday.

Taking the parties' responses into account, jury trial of estimated length of three days was set to commence at New Bern November 2, 2020. However, upon further review of the court's calendar after conference, regrettably a conflict was determined, where another trial, this one of a civil matter, specially was set earlier, to begin the same day, in a long pending, complex litigation. The undersigned has determined availability to start trial of this matter **at 1:00 p.m. Wednesday October 14, 2020**, and unless good cause be shown within 14 days why it cannot then proceed, trial now is set to begin at that time. Not later than **October 9, 2020**, the parties shall file their proposed jury instructions and voir dire. The court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

SO ORDERED, this the 28th day of April, 2020.

                                          LOUISE W. FLANAGAN
                                          United States District Judge